IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN DEON MEDLOCK, #14049787, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:16-CV-1496-B-BK |
| | § | |
| COUNTY OF DALLAS, AND | § | |
| STATE OF TEXAS, | § | |
| Respondents. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed Findings, Conclusions and Recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[1]

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1)

---

[1] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Thus, Petitioner should act diligently and expeditiously if she intends to seek habeas corpus relief in both state and federal court.

that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

If petitioner files a notice of appeal,

(X) petitioner may proceed *in forma pauperis* on appeal.

( ) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 18th day of July, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.